IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  Case No. 1:24-cr-57-HSO-RPM-1

BRANDON LILES BENKOWICH

### ORDER DENYING DEFENDANT BRANDON LILES BENKOWICH'S MOTION [28] TO DISMISS INDICTMENT [3]

BEFORE THE COURT is Defendant Brandon Liles Benkowich's Motion [28] to Dismiss Indictment [3], which charges him with possessing a firearm after he had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).  The Motion [28] argues that, facially and as applied to Defendant, § 922(g)(1) violates the Second Amendment to the United States Constitution under the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), as clarified by *United States v. Rahimi*, 144 S. Ct. 1889 (2024).  Defendant also cites *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023), which held § 922(g)(3) unconstitutional under an as applied challenge in that case.  Defendant further contends "that § 922(g)(1) is unconstitutional under the Fifth Amendment to the United States Constitution because it violates the equal protection guarantee and that § 922(g)(1) constitutes an unconstitutional extension of Congress's authority under the Commerce Clause."  Mem. [29] at 1.

Because the Fifth Circuit has held § 922(g)(1) constitutional under the Second Amendment as applied to an individual with a prior felony conviction for

theft, and because Defendant has a prior felony conviction for grand larceny, the Court will reject Defendant's Second Amendment argument. *See United States v. Diaz*, 116 F.4th 458, 467-70 (5th Cir. 2024). The Court will also reject Defendant's claims under the Fifth Amendment and the Commerce Clause because Fifth Circuit precedent squarely forecloses them. Defendant's Motion [28] to Dismiss should be denied.

## I. BACKGROUND

On April 23, 2024, a grand jury sitting in this District returned a single-count Indictment [3] against Defendant Brandon Liles Benkowich ("Benkowich" or "Defendant"), which charged him with violating 18 U.S.C. §§ 922(g)(1) and 924(a)(8). *See* Doc. [3] at 1 (Indictment). Defendant does not dispute that he had previously been convicted of a crime punishable by more than one year in prison prior to possessing the firearm in question here, and he admits that he "has prior Mississippi felony convictions." Mem. [22] at 2. Defendant's prior felony convictions, all of which occurred in Mississippi, include a 2010 conviction for conspiracy to manufacture a controlled substance, a 2016 conviction for grand larceny, a 2019 conviction for grand larceny, a 2020 conviction for possession of a controlled substance, and a 2020 conviction for grand larceny. *See* Pretrial Services Report [25] at 4-9 (under seal).

Defendant argues that "§ 922(g)(1) violates the Second Amendment to the United States Constitution and is unconstitutional as applied to him, in light of the United States Supreme Court's decision" in *Bruen*, as clarified by *Rahimi*, and in

consideration of *United States v. Bullock*. *Id.* at 1, 3-15; *see also United States v. Bullock*, 679 F. Supp. 3d 501 (S.D. Miss. 2023). Defendant further contends "that § 922(g)(1) is unconstitutional under the Fifth Amendment to the United States Constitution because it violates the equal protection guarantee and that § 922(g)(1) constitutes an unconstitutional extension of Congress's authority under the Commerce Clause." Mem. [29] at 1, 16-20.

## II. DISCUSSION

In *Diaz*, the Fifth Circuit addressed as applied and facial challenges to § 922(g)(1) under the Second Amendment. *See Diaz*, 116 F.4th at 465. The Fifth Circuit rejected both challenges, holding that § 922(g)(1) was constitutional facially and as applied to a defendant whose predicate crime was a felony conviction for theft. *See id.* at 467-70. Specifically, the Fifth Circuit found § 922(g)(1) constitutional as applied because the punishments–estate forfeiture or death–for a felony conviction for theft at the time of the Founding were so severe that they included the lesser punishment of permanent disarmament. *Id.* at 468-69 ("[I]f capital punishment was permissible to respond to theft, then the lesser restriction of permanent disarmament that § 922(g)(1) imposes is also permissible."). Thus, under *Diaz*, when § 922(g)(1)'s predicate offense is a felony conviction for theft, it fits within the "historical tradition of severely punishing people . . . who have been convicted of theft." *Id.* *Diaz* held the defendant's facial challenge also failed because there exists a set of circumstances where § 922(g)(1) is constitutional, such as where the underlying felony conviction is for theft. *Id.* at 471-72.

In *United States v. Collette*, decided after *Diaz*, the Fifth Circuit again addressed facial and as applied challenges to § 922(g)(1) involving a defendant with a prior felony conviction for theft. No. 22-51062, 2024 WL 4457462, at *2 (5th Cir. Oct. 10, 2024) (per curiam). The Fifth Circuit concluded that because "[the defendant] also has a prior conviction for theft that was punishable by more than a year (and for which he was sentenced to fourteen months of confinement). . . [,] *Diaz* therefore controls and forecloses [the defendant's] as-applied challenge . . . ." *Id.*

The facts before the Court in this case are very similar, if not nearly identical. Defendant has three prior felony convictions for grand larceny, a form of theft. *See* Miss. Code Ann. § 97-17-41 ("Any person who shall be convicted of taking and carrying away, feloniously, the personal property of another, of the value of One Thousand Dollars ($1,000.00) or more . . . shall be guilty of grand larceny . . . ."); *Windless v. State*, 185 So. 3d 956, 962 (Miss. 2015) ("This Court has held that larceny is commonly understood to connote stealing or theft."); *Trevino v. State*, 392 So. 3d 457, 460 (Miss. Ct. App. 2024) ("Section 97-17-41, the grand larceny statute, provides for increasing sentencing ranges for thefts of property with a value of (1) $1,000 or more but less than $5,000; (2) $5,000 or more but less than $25,000; and (3) $25,000 or more."); *see also* LARCENY, *Black's Law Dictionary* (12th ed. 2024) ("Common-law larceny has been broadened by some statutes to include embezzlement and false pretenses, all three of which are often subsumed under the statutory crime of 'theft.'"); THEFT, *Black's Law Dictionary* (12th ed. 2024) ("1. The wrongful taking and removing of another's personal property with the intent of

4

depriving the true owner of it; larceny. 2. Broadly, any act or instance of stealing, including larceny, burglary, embezzlement, and false pretenses."). Because larceny is considered a species of theft, which was a felony at the Founding "and 'thus would have led to capital punishment or estate forfeiture' at that time," the Court concludes that disarming Benkowich "fit[s] within our national tradition of regulating firearms." *Collette*, 2024 WL 445761, at *2 (quoting *Diaz*, 116 F.4th at 469-70); *see, e.g.*, *Diaz*, 116 F.4th at 469-70 ("At [the Founding], at least one of the predicate crimes that [the defendant's] § 922(g)(1) conviction relies on–theft–was a felony and thus would have led to capital punishment or estate forfeiture. Disarming [the defendant] fits within this tradition of serious and permanent punishment.").

As for Defendant's facial challenge to § 922(g)(1), "[t]o sustain a facial challenge, 'the challenger must establish that no set of circumstances exists under which the statute would be valid.'" *Diaz*, 116 F.4th at 471 (quoting *Untied States v. Salerno*, 481 U.S. 739, 745 (1987)). As the Court has previously stated, *Diaz* found § 922(g)(1) valid where the predicate offense was a felony conviction for theft. *See id.* at 467-70. Thus, as in *Diaz*, Defendant here cannot show § 922(g)(1) is facially unconstitutional "because the statute is constitutional as applied to the facts of his own case." *Id.* at 471-72; *see also Rahimi*, 144 S. Ct. at 1898.

Turning to Defendant's remaining challenges, Fifth Circuit precedent forecloses Defendant's Commerce Clause argument, *see Diaz*, 116 F.4th at 462 (reaffirming that a Commerce Clause challenge to § 922(g)(1) is "foreclosed under

5

[Fifth Circuit] precedent"), and his Equal Protection argument, *see United States v. Darrington*, 351 F.3d 632, 634-35 (5th Cir. 2003) (rejecting an equal protection challenge to § 922(g)(1)), *abrogated on other grounds by Diaz*, 116 F.4th at 458; *see also United States v. Howard*, No. 24-40033, 2024 WL 4449866, at *2 (5th Cir. Oct. 9, 2024) (per curiam) (relying on *Darrington*, post-*Diaz*, to reject an Equal Protection challenge to § 922(g)(1)).

### III. CONCLUSION

The Fifth Circuit has rejected Defendant's arguments challenging § 922(g)(1)'s constitutionality. The Court must therefore hold in this case that § 922(g)(1) is constitutional, both facially and as applied to Defendant. The Motion [28] to Dismiss Indictment [3] will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Brandon Liles Benkowich's Motion [28] to Dismiss Indictment [3] is **DENIED**.

**SO ORDERED** this the 23rd day of October, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE